# Richmond.

MASSEY'S ADMINISTRATRIX v. SOUTHERN RAILWAY COMPANY.

January 31, 1907.

Absent, Buchanan, J.,

1. DEMURRER TO EVIDENCE—*Railroads—Accident at Crossing.*—Upon the evidence in this action, which was brought to recover damages for negligently killing the plaintiff's intestate at a grade crossing of a railroad, whether or not the defendant was guilty of negligence or the deceased of contributory negligence were questions for the jury; and they might well have found for the plaintiff, and hence, upon a demurrer to the evidence by the defendant company, the court must so find.

Error to a judgment of the Circuit Court of Albemarle county in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

*John W. Fishburne* and *Daniel Harmon,* for the plaintiff in error.

*Horsley & Kemp,* for the defendant in error.

HARRISON, J., delivered the opinion of the Court.

The sole question to be considered in this case is whether or not the Circuit Court erred in sustaining the demurrer to the evidence and giving judgment in favor of the defendant company.

It appears that W. W. Massey was driving a two-horse wagon along the public highway in Albemarle county, which passes

over the track of the Southern Railway Company at "Maury's crossing"; that at the instant his left horse was on the crossing a passenger train of the defendant company ran upon and killed him and one of the horses and practically destroyed the wagon and harness.

Upon the demurrer to the evidence the jury might have believed that the train in question was behind time and approached the crossing on a down grade, with steam on, at an unusually high rate of speed, without whistling at the whistling-post, and without ringing its bell or giving other warning of its approach; that the engineer of the train saw the horse of the deceased at a point where deceased was neither in sight or hearing of the train, and at a sufficient distance from the track for him to have saved himself if warning had been then given; that if the company had given the warning required by the statute the deceased would have been notified of the approaching train in ample time to have avoided the accident; that if the company did not comply with the statute or give other warning the approach of the train could not be heard by the deceased; that the deceased approached the crossing with unusual care and caution; that from the nature and situation of the place looking would not avail until the horses were on the track, but that before going on the track deceased stopped and tried to see, and listened for any warning of an approaching train; that the deceased, after discovering his peril, could not have saved himself.

Whether or not the defendant company was guilty of negligence or the deceased chargeable with contributory negligence were questions for the jury. Upon the facts stated the jury not only might have found for the plaintiff, but would have been well justified in so finding, and therefore the court must so find. *Wood* v. *So. Ry. Co.,* 104 Va. 650, 52 S. E. 371.

The judgment of the Circuit Court must, therefore, be reversed, and this court will enter judgment here in favor of the plaintiff for the amount of damages ascertained by the verdict of the jury.

*Reversed.*